TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
DAVID Y. PI (Cal. Bar No. 337432)
Assistant United States Attorney
General Crimes Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3659
     Facsimile: (213) 894-6269
     E-mail:   david.pi@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 21-CR-00111-FMO |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT DEON LEWESE LOWERY |
| v. | |
| DEON LEWESE LOWERY, | |
| Defendant. | |

1.   This constitutes the plea agreement between DEON LEWESE

LOWERY ("defendant") and the United States Attorney's Office for the

Central District of California (the "USAO") in the above-captioned

case.  This agreement is limited to the USAO and cannot bind any

other federal, state, local, or foreign prosecuting, enforcement,

administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a.   At the earliest opportunity requested by the USAO and

provided by the Court, appear and plead guilty to counts one and

eight of the indictment in United States v. Lowery, CR No. 21-cr-111-

*LMB*
10/04/2021

FMO, which charge defendant with bank fraud in violation of 18 U.S.C. § 1344(2), and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any

2

1  departure from that range, and the sentence to be imposed.

2          d.    At the time of sentencing, provided that defendant

3  demonstrates an acceptance of responsibility for the offenses up to

4  and including the time of sentencing, recommend a two-level reduction

5  in the applicable Sentencing Guidelines offense level, pursuant to

6  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

7  additional one-level reduction if available under that section.

8  <u>NATURE OF THE OFFENSES</u>

9      4.   Defendant understands that for defendant to be guilty of

10  the crime charged in count one, that is, bank fraud, in violation of

11  Title 18, United States Code, Section 1344(2), the following must be

12  true: first, defendant knowingly carried out a scheme or plan to

13  obtain money or property from Wells Fargo by making false statements

14  or promises; second, defendant knew that the statements or promises

15  were false; third, the statements or promises were material, that is,

16  they had a natural tendency to influence, or were capable of

17  influencing, a financial institution to part with money or property;

18  fourth, defendant acted with the intent to defraud; and fifth, Wells

19  Fargo was federally insured.

20      5.   Defendant understands that for defendant to be guilty of

21  the crime charged in count eight, that is, aggravated identity theft,

22  in violation of Title 18, United States Code, Section 1028A(a)(1),

23  the following must be true: first, defendant knowingly transferred,

24  possessed, or used without legal authority a means of identification

25  of another person; second, defendant knew that the means of

26  identification belonged to a real person; and third, defendant did so

27  during and in relation to bank fraud, in violation of Title 18,

28

1   United States Code, Section 1344(2), as charged in count one of the

2   Indictment.

### PENALTIES AND RESTITUTION

4        6.   Defendant understands that the statutory maximum sentence

5   that the Court can impose for a violation of Title 18, United States

6   Code, Section 1344(2), is: 30 years' imprisonment; a five-year period

7   of supervised release; a fine of $1,000,000 or twice the gross gain

8   or gross loss resulting from the offense, whichever is greatest; and

9   a mandatory special assessment of $100.

10       7.   Defendant understands that the statutory maximum sentence

11  that the Court can impose for a violation of Title 18, United States

12  Code, Section 1028A(a)(1), is: 2 years' imprisonment; a one-year

13  period of supervised release; a fine of $250,000 or twice the gross

14  gain or gross loss resulting from the offense, whichever is greatest;

15  and a mandatory special assessment of $100.

16       8.   Defendant understands, therefore, that the total maximum

17  sentence for all offenses to which defendant is pleading guilty is:

18  32 years imprisonment; a five-year period of supervised release;[1] a

19  fine of $1,250,000 or twice the gross gain or gross loss resulting

20  from the offenses, whichever is greatest; and a mandatory special

21  assessment of $200.

22       9.   Defendant understands that the statutory mandatory minimum

23  sentence that the Court must impose for a violation of Title 18,

---

25       [1] Defendant understands that there is case law suggesting that
    the term of supervised release on count eight could be imposed to run
26  consecutively to the terms of supervised release on count one.  While
    the USAO does not intend to seek a consecutive term of supervised
27  release, defendant understands that if the Court were to impose a
    consecutive term of supervised release, the maximum term of
28  supervised release for all of the counts of conviction would be six
    years, rather than five years as stated in the text above.

United States Code, Section 1028A(a)(1), as charged in count eight of the indictment, is a two-year term of imprisonment, which must run consecutive to any other sentence of imprisonment, and a mandatory special assessment of $100.

10. Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offenses to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed and charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts and charges. The parties currently believe that the applicable amount of restitution is approximately $4,476.17 but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

11. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the

5

offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

12.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

13.   Defendant understands that, if defendant is not a United States citizen, the felony convictions in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony convictions in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

1

FACTUAL BASIS

2      14.  Defendant admits that defendant is, in fact, guilty of the

3  offenses to which defendant is agreeing to plead guilty.  Defendant

4  and the USAO agree to the statement of facts provided below and agree

5  that this statement of facts is sufficient to support pleas of guilty

6  to the charges described in this agreement and to establish the

7  Sentencing Guidelines factors set forth in paragraph 16 below but is

8  not meant to be a complete recitation of all facts relevant to the

9  underlying criminal conduct or all facts known to either party that

10 relate to that conduct.

11     Beginning no later than on or about October 11, 2018, and

12 continuing through at least on or about October 24, 2018, in Los

13 Angeles County, within the Central District of California, and

14 elsewhere, defendant, together with others known and unknown,

15 knowingly and with intent to defraud, executed a scheme to obtain

16 moneys, funds, credits, assets, and other property owned by and in

17 the custody and control of Wells Fargo Bank ("Wells Fargo") by means

18 of materially false and fraudulent pretenses, and promises, and the

19 concealment of material facts.  Specifically, defendant opened a

20 Wells Fargo checking account (the "Wells Fargo Checking Account") in

21 the name of victim K.G., an existing Wells Fargo customer who had

22 previously opened a Wells Fargo savings account (the "Wells Fargo

23 Savings Account") that contained approximately $5,900.  Defendant

24 opened the Wells Fargo Checking Account without K.G.'s permission or

25 knowledge.  In doing so, defendant falsely represented to Wells Fargo

26 Bank that he was authorized to open the Wells Fargo Checking Account

27 in K.G.'s name.

28

Defendant transferred approximately $3,300 from K.G.'s Wells Fargo Savings Account to the Wells Fargo Checking Account without K.G.'s permission or knowledge.  In doing so, defendant falsely represented to Wells Fargo that he was authorized to transfer K.G.'s funds from the Wells Fargo Savings Account to the Wells Fargo Checking Account.

On or before October 18, 2018, defendant obtained at least one stolen check in K.G.'s name and deposited the stolen check into the Wells Fargo Checking Account, once again without K.G.'s permission or knowledge.  Specifically, defendant obtained a stolen check in the amount of $25,000.00 that belonged to victim K.G. and deposited it into the Wells Fargo Checking Account at a Wells Fargo branch in Hollywood, California.  In doing so, defendant falsely represented to Wells Fargo that he was authorized to deposit K.G.'s checks into the Wells Fargo Checking Account.

Defendant also fraudulently obtained a debit card in K.G.'s name and linked it to the Wells Fargo Checking Account (the "Wells Fargo Debit Card").  Defendant then used the Wells Fargo Debit Card at various retail stores throughout Los Angeles County to debit money from the Wells Fargo Checking Account.  In doing so, defendant falsely represented to Wells Fargo that he was entitled to, and authorized to use, the money from the Wells Fargo Checking Account.

On the following dates, defendant used a debit card associated with K.G.'s Wells Fargo Checking Account to make debit purchases:

- October 19, 2018: Debit of $60.00 from the Wells Fargo Checking Account using the Wells Fargo Debit Card at a Rite-Aid in Hollywood, California;

- October 19, 2018: Debit of $146.00 from the Wells Fargo Checking Account using the Wells Fargo Debit Card at a Macy's in Los Angeles, California;

- October 22, 2018: Debit of $327.80 from the Wells Fargo Checking Account using the Wells Fargo Debit Card at a Rite-Aid in Hollywood, California;

- October 22, 2018: Debit of $584.00 from the Wells Fargo Checking Account using the Wells Fargo Debit Card at a Macy's in Los Angeles, California;

- October 22, 2018: Debit of $405.15 from the Wells Fargo Checking Account using the Wells Fargo Debit Card at a G-Star RAW in Los Angeles, California;

- October 22, 2018: Debit of $2,953.22 from the Wells Fargo Checking Account using the Wells Fargo Debit Card at a Gucci in Los Angeles, California.

The total actual loss amount from these charges is $4,476.17.

Defendant knowingly carried out this scheme to obtain money or property from Wells Fargo by making false statements or promises.  In carrying out the scheme described above, defendant knew that his statements and representations to Wells Fargo were false, the statement and representations were material to Wells Fargo, and defendant acted with intent to defraud.  At all relevant times, Wells Fargo was federally insured.

In committing the above offense, defendant knowingly possessed and used, without lawful authority, a means of identification belonging to another person, namely, K.G.'s name.  Defendant used K.G.'s name knowing it belonged to another person, and he used it during and in relation to the offense of bank fraud, a felony

violation of Title 18, United States Code, Section 1344(2), as charged in count one.

On or about May 30, 2019, in Los Angeles County, within the Central District of California, defendant knowingly and with intent to defraud, possessed at least fifteen unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), including, approximately 78 bank account numbers, 72 credit and debit card numbers, five driver's license numbers, two United States Passport numbers, and 143 social security numbers, all belonging to persons other than defendant, with said possession affecting interstate and foreign commerce.

Based on the access devices and other instruments that defendant possessed, his total intended loss amount was $256,724.44.

<u>SENTENCING FACTORS</u>

15.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

16.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | USSG § 2B1.1(a) |
| Loss More than $250,000 | +12 | USSG § 2B1.1(b)(1)(G) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above. Defendant understands that the Court must sentence defendant to a term of two years' imprisonment on count eight, which must run consecutive to any term of imprisonment imposed for count one.

17.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be

represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

     d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

     e.   The right to confront and cross-examine witnesses against defendant.

     f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

     g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

     h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

20.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

1

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

2

<u>AND WAIVER OF COLLATERAL ATTACK</u>

3    21.  Defendant agrees that, provided the Court, before

4    imposition of the mandatory consecutive sentence of two years'

5    imprisonment on count eight of the indictment, imposes a total term

6    of imprisonment within of below the range corresponding to an offense

7    level of 16 and the criminal history category calculated by the

8    Court, defendant gives up the right to appeal all of the following:

9    (a) the procedures and calculations used to determine and impose any

10   portion of the sentence; (b) the term of imprisonment imposed by the

11   Court; (c) the fine imposed by the Court, provided it is within the

12   statutory maximum; (d) to the extent permitted by law, the

13   constitutionality or legality of defendant's sentence, provided it is

14   within the statutory maximum; (e) the amount and terms of any

15   restitution order, provided it requires payment of no more than

16   $4,476.17; (f) the term of probation or supervised release imposed by

17   the Court, provided it is within the statutory maximum; and (g) any

18   of the following conditions of probation or supervised release

19   imposed by the Court: the conditions set forth in Second Amended

20   General Order 20-04 of this Court; the drug testing conditions

21   mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and

22   drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

23   22.  The USAO agrees that, provided (a) all portions of the

24   sentence are at or above the statutory minimum and at or below the

25   statutory maximum specified above and (b) before imposition of the

26   mandatory consecutive sentence of two years' imprisonment on count

27   eight of the indictment, the Court imposes a term of imprisonment of

28   within or above the range corresponding to an offense level of 16 and

the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: the amount of restitution ordered if that amount is less than $4,476.17.

23.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

24.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and

14

(ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

25.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

<u>EFFECTIVE DATE OF AGREEMENT</u>

26.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

27.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations

are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

28.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

29. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

30. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 16 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

31. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions

different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

NO ADDITIONAL AGREEMENTS

32.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

1                <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        33.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    TRACY L. WILKISON
     Acting United States Attorney

9

10   _____          11/5/21
                                                 _____
11   DAVID Y. PI                                 Date
     Assistant United States Attorney

12   _____          11-5-21
                                                 _____
13   DEON LEWESE LOWERY                          Date
     Defendant

14   _____          11/5/21
                                                 _____
15   CHRISTOPHER CHANEY                          Date
     Attorney for Defendant DEON LEWESE
16   LOWERY

17

18

19

20

21

22

23

24

25

26

27

28

                                          19

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        11-5-21
DEON LEWESE LOWERY                        Date
Defendant

20

1    <u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2    I am DEON LEWESE LOWERY's attorney.  I have carefully and

3    thoroughly discussed every part of this agreement with my client.

4    Further, I have fully advised my client of his rights, of possible

5    pretrial motions that might be filed, of possible defenses that might

6    be asserted either prior to or at trial, of the sentencing factors

7    set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8    provisions, and of the consequences of entering into this agreement.

9    To my knowledge: no promises, inducements, or representations of any

10   kind have been made to my client other than those contained in this

11   agreement; no one has threatened or forced my client in any way to

12   enter into this agreement; my client's decision to enter into this

13   agreement is an informed and voluntary one; and the factual basis set

14   forth in this agreement is sufficient to support my client's entry of

15   guilty pleas pursuant to this agreement.

16

17   CHRISTOPHER CHANEY                          Date  11/5/21
     Attorney for Defendant DEON LEWESE
18   LOWERY

19

20

21

22

23

24

25

26

27

28

21